**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

KEVIN MABRY                                                                PLAINTIFF

V.                                              CIVIL ACTION NO. 1:09-CV-178-SA-JAD

MISSISSIPPI DEPARTMENT OF CORRECTIONS                      DEFENDANT

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss [5]. For the reasons stated below, the motion is granted.

**I. BACKGROUND**

On or about July 8, 2008, Plaintiff was arrested in Lee County, Mississippi on a misdemeanor charge. His bond was set at $3,000.00. Defendant placed a hold on Plaintiff's bond, asserting that he had violated probation. However, Plaintiff had been released from probation on June 16, 2008. Therefore, Plaintiff was held in the Lee County Jail without the ability to post bond.

Plaintiff filed his Complaint in this Court on July 21, 2009, alleging a variety of causes of action premised upon the allegation that he was wrongfully imprisoned without the ability to post bond. The only relief Plaintiff requests is monetary damages.

Defendant filed its Motion to Dismiss on September 10, 2009, arguing that Plaintiff's case is barred by the Eleventh Amendment.

**II. MOTION TO DISMISS STANDARD**

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1948-51, 173 L. Ed. 2d 868 (May 18, 2009).

## III. DISCUSSION

### A. *42 U.S.C. § 1981*

Plaintiff claims that Defendant violated 42 U.S.C. § 1981. Section 1981 "implicitly created an independent cause of action against *private* actors because no other statute created such a remedy." Oden v. Oktibbeha County, 246 F.3d 458, 463 (5th Cir. 2001). However, Section 1981 does not provide "a remedy for violation of rights guaranteed thereunder when such a claim is pursued against a governmental entity." Washington v. City of Gulfport, 2009 U.S. App. LEXIS 23991, *5 (5th Cir. Nov. 2, 2009). "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." Oden, 246 F.3d at 463 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 732, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)).

Plaintiff's Complaint contains no reference to 42 U.S.C. § 1983. "[R]equiring § 1981 claims to be pursued through § 1983 is not a mere pleading formality." Felton v. Polles, 315 F.3d 470, 482 (5th Cir. 2002). "The express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the *exclusive* federal damages remedy for the violation of rights guaranteed by § 1981 *when the claim is pressed against a state actor*." Id. at 481. Therefore, as Plaintiff has failed to invoke the only remedy available to him for the alleged deprivation of his Section 1981 rights, he has failed to state a claim. Id. at 482; Oden, 246 F.3d at 463-64. Accordingly, Plaintiff's Section 1981 claim is dismissed with prejudice.

Alternatively, the Court notes that the "Eleventh Amendment bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government

or another state." Decker v. Dunbar, 2009 U.S. App. LEXIS 28021, *3 (5th Cir. Dec. 21, 2009) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "[A] plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of the State rather than the State itself." Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001) (quoting Richardson v. S. Univ., 118 F.3d 450, 452 (5th Cir. 1996)). Defendant is a "department of the state of Mississippi and enjoys the same immunity as the state itself." Hines v. Miss. Dept. of Corrections, 239 F.3d 366, 2000 WL 1741624, *3 (5th Cir. 2000).

Therefore, even if Plaintiff had properly pled a Section 1983 cause of action against Defendant, it would only be viable if Mississippi has waived its sovereign immunity, or Congress has clearly and validly abrogated Mississippi's sovereign immunity. College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); McGarry v. Univ. of Miss. Med. Ctr., 2009 U.S. App. LEXIS 27349, *5 (5th Cir. Dec. 14, 2009). Mississippi has not waived its immunity. See MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Further, in enacting § 1983, Congress did not abrogate the immunity of the states. Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 281 (5th Cir. 2002) (citing Quern v. Jordan, 440 U.S. 332, 345, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979)). Accordingly, any Section 1983 claim brought by Plaintiff against Defendant is barred by the Eleventh Amendment and dismissed with prejudice.

**B.**     ***42 U.S.C. § 1984***

Section 1984 no longer exists. See McDuffy v. Koval, 226 F. Supp. 2d 541, 550-51 (D. Del. 2002); Brown v. Nester, 753 F. Supp. 630, 631 n. 1 (S.D. Miss. 1990). Its first two sections were

declared unconstitutional.  See United States v. Stanley, 109 U.S. 3, 26, 3 S. Ct. 18, 27 L. Ed. 835 (1883).  The remaining portions of it were repealed by Congress.  See Act of June 25, 1948, Pub. L. No. 80-772, § 21, 62 Stat. 683, 862.  Therefore, Plaintiff's Section 1984 cause of action is dismissed with prejudice.  To the extent that Plaintiff intended to plead a cause of action pursuant to Section 1983, it is barred by the Eleventh Amendment and dismissed with prejudice.

*C.     Eighth Amendment*

For the same reasons stated above, Plaintiff's Eighth Amendment claim is barred by the Eleventh Amendment.  See also Williams v. Thomas, 169 Fed. Appx. 285, 286 (5th Cir. 2006); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Waldrop v. Puckett, 1998 WL 378308, *2 (N.D. Miss. Apr. 3, 1998).

*D.     Mississippi Constitution/Wrongful Imprisonment*

For the same reasons stated above, Plaintiff's state law claims are barred by the Eleventh Amendment.  See also McGarry, 2009 U.S. App. LEXIS 27349 at *5-*6; Sossamon v. Lone Star State of Tex., 560 F.3d 316, 322 n. 5 (5th Cir. 2009) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)); McIntosh v. Partridge, 540 F.3d 315, 325 n. 13 (5th Cir. 2008).

## IV. CONCLUSION

The Court grants Defendant's Motion to Dismiss, and this case is dismissed with prejudice.  An order consistent with this opinion shall issue on this, the 5th day of April, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**

4